Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2015 | **DATE** | July 23, 2012 |
| **CASE TITLE** | Charles Miles (#2011-0829055) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $6.01 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. On the Court's own motion, the complaint is dismissed as to the defendants Cermak Health Service and John Stroger Hospital pursuant to 28 U.S.C. § 1915A. The Clerk is directed to issue summons to Tom Dart, and the U.S. Marshal is authorized to serve him. Tom Dart remains as a Defendant solely for the purposes of naming the John Doe Defendants. The Clerk is also directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied without prejudice.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff, currently a prisoner at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on September 30, 2011, he slipped and fell on food that had been spilled on the floor of his cell house. He further alleges that he was sent to Cermak Health Service for the resulting injury to his hand. He alleges that his hand was fractured but that the medical staff at Cermak misdiagnosed it. He alleges that when the fracture was diagnosed three weeks later, it was too late to cast it, and he was sent to Stroger Hospital for surgery. He finally alleges that Stroger Hospital cancelled his surgery repeatedly, forcing him to live with pain and suffering for months.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $6.01. The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Stateville Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

    AWL

# STATEMENT

With respect to Plaintiff's claim that he slipped and fell on food spilled on the cell house floor, it is most unfortunate that Plaintiff was injured, but his allegations do not implicate the Constitution. Although garbage strewn floors do present a possibility that inmates might slip and fall, Plaintiff's allegations do not suggest a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under the Fourteenth Amendment. *Compare LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors. . . do not state even an arguable claim for cruel and unusual punishment"). At most, Plaintiff has shown that Defendants were negligent, but negligence alone is not enough to support a claim of deliberate indifference. *Daniels v. Williams*, 474 U.S. 327, 332 (1986); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Any cause of action for negligence must be brought in state court.

However, Plaintiff has stated an arguable claim for deliberate indifference to a serious medical condition. *See Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006). However, Plaintiff has failed to name an appropriate Defendant. Cermak Health Services and John Stroger Hospital are not suable entities. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). With respect to Tom Dart, Plaintiff does not allege that he was anyway personally involved in denying him adequate medical care as he must. *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Plaintiff makes his claims against him in his supervisory capacity. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at his direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The mere fact that Defendant Dart holds a supervisory position is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because Plaintiff has failed to state any facts suggesting that Defendant Dart was personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, he has failed to state a claim against him.

While Plaintiff has failed to state a claim against Defendant Dart, he is not dismissed as a Defendant. Plaintiff names several John Doe Defendants as the parties who denied him adequate medical care. Plaintiff must name as Defendants the individual correctional and medical staff who allegedly subjected him to deliberate indifference. If Plaintiff cannot name the individuals, he can name a supervisory official such as Tom Dart for the purpose of identifying unknown defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996)*; Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Thus, Dart remains as a Defendant only to the extent that he is necessary to assist Plaintiff in identifying the persons responsible for providing him inadequate medical care.

Plaintiff is advised to conduct discovery as soon as possible to obtain the names of the individuals in question. The statute of limitations for Section 1983 actions filed in Illinois is two years. See 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe Defendants with named Defendants after the statute of limitations has expired. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). **(CONTINUED)**

## STATEMENT

The Clerk shall issue summons for service of the complaint on Defendant Dart (hereinafter, "Defendant"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff has also filed a motion for appointment of counsel. The motion is denied. Plaintiff has no right to counsel in a civil case. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he has the presence of mind and intellectual capability to continue representing himself at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *See Pruitt v. Mote,* 503 F.3d 647, 656-59. (7th Cir. 2007). Consequently, the Court denies his motion without prejudice to renewal should the case proceed to a point that assistance of counsel is appropriate.