UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES M. MILES, <br>     Plaintiff, <br><br> v. <br><br> KYUNG YOO, M.D., MANSOUR <br> MOHAMMED, PATEL PA-C MANISHA, <br> DR. LAMBERTY, and COOK COUNTY, <br>     Defendants. | Case No. 12 cv 2015 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charles M. Miles ("Plaintiff") currently incarcerated, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Defendant Cook County moves to dismiss Plaintiff's claim with prejudice, arguing that his complaint is time-barred.

**Background**

In his original complaint, Plaintiff alleged that on September 30, 2011, he slipped and fell on food that had been spilled on the floor of his cell house. He was sent to Cermak Health Service ("Cermak") for the resulting injury to his hand. He alleges that although his hand was fractured, the medical staff at Cermak misdiagnosed it, and when the fracture was diagnosed three weeks later, it was too late to cast it, and as a result, Plaintiff was sent to Stroger Hospital ("Stroger") for surgery. Plaintiff further alleges that Stroger Hospital repeatedly cancelled his surgery, forcing him to live with pain and suffering for months.

Plaintiff filed a complaint naming several "John Doe" medical staff Defendants from Cermak and Stroger as the parties who denied him adequate medical care. He postmarked the original complaint on or about March 14, 2012, and this Court received it on March 20, 2012. In an order dated July 23, 2012, this Court advised Plaintiff to conduct discovery "as soon as possible" to obtain the names of the unnamed individual defendants, while also advising Plaintiff that the statute of limitations for his Section 1983 action is two years. The Court order explained that, in this circuit, a plaintiff cannot "invoke the relation back principles of Rule 15(c) to replace John Doe Defendants with named defendants after the statute of limitations has expired, citing *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); and *Wood v. Worachek*, 618 F.2d

1

1225, 1230 (7th Cir. 1980). Although the Court concluded that Plaintiff failed to state a claim against Defendant Dart, this Court ordered Dart remain a defendant to the extent necessary to assist Plaintiff in identifying the persons responsible for providing him with inadequate medical care.

After a series of amended complaints in which Plaintiff successively added individual defendants, this Court again granted leave for Plaintiff to amend his complaint to name all defendants in the caption, and then again to add Cook County as a defendant. Plaintiff's complaint was finally procedurally correct when he filed his amended complaint on March 3, 2014 (Dkt 52) with the correct caption and naming individual defendants, and again on April 9, 2014 (Dkt 57), to add Cook County as a defendant.

**Legal Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain factual allegations to state a claim of relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751-52 (7th Cir. 2011); quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir.2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir.2008)). When ruling on a motion to dismiss, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Statute of Limitations**

Defendant argues in its motion to dismiss that Plaintiff's Complaint is time-barred. The statute of limitations for a section 1983 action is determined by the statute of limitations for personal injury actions in the state where the incident forming the basis of the claim occurred. *Owens v. Okure*, 488 U.S. 235, 240-41, 249-50 (1989) (quoting and clarifying *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). In Illinois, the statute of limitations for personal injury actions is two years from the date of the action's accrual. 735 ILCS5/13-202; *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Therefore, the Plaintiff's section 1983 action is governed by a two-year statute of limitations.

Plaintiff's injury occurred on September 30, 2011, therefore, he had until September 30, 2013, to file his complaint. Plaintiff filed his original complaint on or about March 14, 2012, well within the statutory time limit. However, his amended complaint naming the individual defendants was not filed until March 3, 2014 and the amended complaint naming Cook County was not filed until April 9, 2014. Although his original section 1983 claim was filed within the applicable statute of limitations, he did not name the individual defendants until after the limitations period expired. Thus, his claim survives only if it relates back to the filing of the original complaint under Federal Rule of Civil Procedure 15(c).

Rule 15(c) governs when an amended complaint relates back to the date of filing of the original complaint. Defendant does not dispute that the claim arose out of the conduct, transaction or occurrence set out in the original Complaint, as required by Rule 15(c)(1)(B). Rule 15(c)(1) provides, in relevant part, that amended pleadings may relate back when: the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within 120 days as provided by Rule 4(m), the party to be brought in by amendment (1) received notice of the action so that it will not be prejudiced in defending on the merits and (2) knew or should have known the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C)(ii).

Although this Court cited *Worthington* and *Wood* in its July 23, 2012 order explaining the relation-back doctrine, the Supreme Court has significantly widened the breadth of the rule as it was previously applied by courts in the Seventh Circuit. The Supreme Court held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Croceire*, S.p.A., 560 U.S. 538, 541 (2010). It explained that whether "a plaintiff knows of a party's existence does not preclude [that plaintiff] from making a mistake with respect to that party's identity." *Id.* at 549.

Subsequent to the Supreme Court's decision, the Seventh Circuit concluded that, in deciding whether an amended complaint relates back to the date of the original complaint, a district court may only make two inquiries: (1) whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead of or in addition to suing the named defendant; and (2) whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's

3

ability to defend himself. *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559-60 (7th Cir. 2011).

Plaintiff filed several motions to compel discovery of Defendant Dart between October 2012 and August 2013, seeking information that would assist Plaintiff in naming the proper individual defendants. On August 26, 2013, Plaintiff filed his Amended Complaint naming Defendants Yoo, Mohammed, and Manisha of Cermak, as well as an additional unnamed defendant employed by Stroger, whom Plaintiff alleged repeatedly cancelled Plaintiff's hand surgery. However, Plaintiff failed to provide any copies of his August 26, 2013 amended complaint and to list all parties in the caption of the complaint, preventing the United States Marshal Service from serving the amended complaint upon the named defendants.

Defendant further alleges that as of May 2, 2014, none of the named defendants have been issued summons or "otherwise been put on any kind of notice" of Plaintiff's allegations against them. Plaintiff has been granted *in forma pauperis* status, and this court has ordered summonses be issued on his behalf. However, through no fault of Plaintiff's, summonses have not yet issued. Additionally, Defendant has failed to argue that it did not know, and had no reason to know, that Plaintiff intended to sue it. *Joseph*, 638 F. 3d 555, 559-60. Even if Defendant had made this argument, Defendant has not represented that it would be prejudiced if required to defend against Plaintiff's claims. *Id.*

Therefore, Plaintiff's amended complaint naming Cook County and the individual defendants relates back to the date he filed his original complaint and his complaint will proceed.

**Conclusion**

For these reasons, the Court denies Defendant's motion to dismiss with prejudice Plaintiff's amended complaint.

IT IS SO ORDERED.

_____
Date: October 27, 2014

Sharon Johnson Coleman
United States District Judge

4